GEORGE E. HAMILTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7140.   Promulgated February 19, 1927.

Under Title IX of the Revenue Act of 1918, the tax imposed on sales by manufacturers of automobiles and accessories is not deductible by individual purchasers of such products.

*John F. McCarron, Esq.*, and *George E. Hamilton, Jr., Esq.*, for the petitioner.

*J. Harry Byrne, Esq.*, for the respondent.

The Commissioner has determined additional income taxes for the years 1919, 1920, and 1921 in the amounts of $143.35, $714.90, and $1,048.97, respectively. So much of the deficiency as is in dispute arises from the refusal of the Commissioner to permit the taxpayer to deduct the amount of certain excise taxes alleged to have been paid in connection with the purchase of automobiles in the years 1919 to 1921, inclusive.

### FINDINGS OF FACT.

In the year 1919 petitioner purchased from the Locomobile Company of America an automobile and paid as a part of the purchase price thereof $405, which was designated as " 5% U. S. excise tax." In 1920 petitioner purchased an automobile from the Chevrolet Motor Co., the receipt for the purchase showing a tax of $39.75 and containing a further notation " war excise tax paid by us." The petitioner made a further purchase during the year 1920 of a chassis and commercial body for an automobile from Hill & Tibbitts, of Washington, D. C. The tax incident to the sale of the chassis amounted to $21.66 and the receipt contains a notation that the tax on the automobile body was $4.50. In 1921 the petitioner purchased an automobile from the Semmes Motor Co., of Washington, D. C., and the receipted bill introduced in evidence carries a notation that the tax was $25.23. Petitioner made a further purchase during the year 1921 of an automobile from Stanley H. Horner, Washington, D. C. The receipted bill carries a notation that the tax amounted to $99.84. Horner paid the amount of $99.84 to the Buick Motor Co., the manufacturer of the automobile purchased by the petitioner, and the Buick Company in turn paid the amount of $99.84 to the collector of internal revenue.

The petitioner deducted in his 1919 income-tax return the amount of $405, in his 1920 income-tax return the sums of $39.75 and $26.16 were deducted, and in his return for the year 1921 petitioner deducted the sums of $25.23 and $99.84.

OPINION.

ARUNDELL: The evidence in this case was stipulated by the parties. It indicates that the excise tax was passed on to petitioner as a part of the purchase price of the car in the case of the Locomobile purchased by him in 1919 and in the case of the chassis purchased in 1920. It can not be determined that the excise taxes were passed on to the purchaser in the case of the other transactions, as this information is neither disclosed by the signed stipulation nor by the receipted bills attached thereto.

The matter of the deductibility by the purchasers of automobiles of the taxes imposed on the sale by manufacturers of automobiles and accessories was before us in the *Appeal of R. C. Musser*, 3 B. T. A. 498. In that appeal, which arose under the Revenue Act of 1921, we held that the war tax on automobiles sold by manufacturers is a tax imposed upon sales by manufacturers and is not an allowable deduction in computing the net income of the purchaser. The Revenue Act of 1918, which was in effect during the years 1919 and 1920, uses the identical language used in the 1921 Act, and the decision reached in the *Musser* case would be equally determinative of the deductibility of such tax under the earlier Act. We see no reason to depart from the conclusion reached by us in the *Appeal of R. C. Musser*.

> *Judgment will be entered for the Commissioner.*